IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD ANTHONY DISCO, <br><br> Plaintiff, <br><br> v. <br><br> SHELLY LEE THOMPSON, et al., <br><br> Defendants. | Civil Action No. 2:19-cv-00130 <br><br> District Judge Arthur J. Schwab <br> Magistrate Judge Lisa Pupo Lenihan <br><br> ECF Nos. 33 and 43 |

### ORDER ON DEFENDANTS' MOTION TO DISMISS, PLAINTIFF'S POTENTIAL OBJECTION AND PLAINTIFF'S MOTION TO AMEND COMPLAINT

Plaintiff initiated this action in February 2019, and it was reopened on payment of the filing fee in March, 2019.  *See* ECF No. 3; Complaint (ECF No. 4.) The case was referred to United States Magistrate Judge Lisa Pupo Lenihan for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. §636(b)(1), and Local Rules of Court 72.C and 72.D.

The Magistrate Judge's Report and Recommendation (ECF No. 41), filed on April 9, 2020, recommended that the Defendants' Motion to Dismiss Plaintiff's Amended Complaint, ECF No. 33, be granted in part and denied in part. More specifically, it was recommended that Defendants' Motion to Dismiss be granted as to Plaintiff's (1) claims against individual Defendants in their official capacities or against the Defendant Parole Board, and (2) claim for damages for mental or emotional injury, and that said Motion be otherwise denied.  More specifically, the Report concluded that *pro se* Plaintiff's §1983 claim for Constitutional violation of his Fourteenth Amendment due process rights is sufficient to survive said Motion.

1

The parties were informed that in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Rules of Court, they had fourteen (14) days to file any objections, and that unregistered ECF users were given an additional three (3) days pursuant to Federal Rule of Civil Procedure 6(d). No objections to the Report have been filed. Plaintiff *has* filed a "Potential Objection to Permitting Defendants to File Objections". ECF No. 45. Said Objection is not, however, to the Report and Recommendation but to the appointment of a District Judge and the related issuance of a Report subject to adoption in this case. Plaintiff's Objection reflects his misunderstanding that although Plaintiff and certain Defendants have entered their consent to trial/jurisdiction by the United States Magistrate Judge in this case, the yet-unidentified John/Jane Doe defendant has, of course, not. Thus, full consent has not attained. Moreover, any objection to Defendants' filing became moot upon expiration of the filing deadline.

Plaintiff has also filed a Motion to Amend Complaint, expressly to add a claim for compensatory damages, which Plaintiff misunderstands as suggested by the Report and Recommendation. ECF No. 43. The Report and Recommendation observed that a *pro se* plaintiff's designation of particular damages, *i.e.*, punitive damages, does not as a general rule preclude a liberal reading of said the complaint to include other damages to which the *pro se* plaintiff may ultimately be plausibly entitled. ECF No. 41 at 9. It also noted that Plaintiff would be given leave to further amend his complaint if and when appropriate, and that Defendants were not entitled to dismissal of a punitive damages claim at this time. Under the law of this Circuit, Plaintiff has not, however, stated any claim, or suggestion of a claim, that would entitle him to compensatory damages. *See, e.g., Allah v. Al-Hafeez,* 226 F.3d 247 (3d Cir. 2000) (holding that, in accordance with the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(e), in a §

1983 action brought by a prisoner, compensatory damages are only available for actual injuries suffered, and no claim may be maintained for mental or emotional injury absent a claim for physical injury); see also Memphis Cmty. Sch. Dist. v. Stachura, 477 U.S. 299 (1986).  Plaintiff may, however, maintain a claim for nominal damages for violation of his Fourteenth Amendment rights, and no further amendment of his complaint is necessary to effect that claim.  See id.  Plaintiff also maintains at this time his claim for potential punitive damages, as set forth in the Report and Recommendation.  See ECF No. 41 at 20.  Plaintiff's Motion to Amend Complaint, ECF No. 43, will therefore be denied.

After review of the pleadings and documents in the case, together with the Report and Recommendation, the following Order is entered:

**AND NOW**, this 29th day of April, 2020,

**IT IS HEREBY ORDERED** that the Defendants' Motion to Dismiss Plaintiff's Amended Complaint, ECF No. 33, is (1) **GRANTED** with prejudice as to Plaintiff's (1) claims against individual Defendants in their official capacities or against the Defendant Parole Board, and (2) claim for damages for mental or emotional injury, and (2) **DENIED** as it relates to all other claims.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend Complaint, ECF No. 43, is **DENIED.**

**IT IS FURTHER ORDERED** that the Report and Recommendation (ECF No. 42) of Magistrate Judge Lenihan, dated April 9, 2020, is adopted as the opinion of the Court.

BY THE COURT:

                                                                                              Judge Arthur J. Schwab
                                                                                              United States District Judge

cc:      Henry Unseld Washington
          AM-3086
          S.C.I. Somerset
          1600 Walters Mill Rd
          Somerset, PA 15510
          *Via First Class U.S. Mail*

          Counsel for Defendants
          *Via Electronic Mail*