IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD ANTHONY DISCO, | Civil Action No. 19 – 130 |
| Plaintiff, | |
| v. | District Judge Arthur J. Schwab |
| | Magistrate Judge Lisa Pupo Lenihan |
| SHELLY LEE THOMPSON, *et al.*, | |
| Defendants. | |

**ORDER**

A Motion for Summary Judgment has been filed by Defendants Shelly Lee Thompson and Marci Johnson.[1] (ECF No. 70.) Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff shall be allowed until **December 14, 2020**, to file his response in opposition to Defendants' Motion for Summary Judgment.

**IT IS FURTHER ORDERED** that no extensions will be granted without just cause.

**IT IS FURTHER ORDERED** that Plaintiff is advised that his response to the motion may include opposing or counter-affidavits (executed by Plaintiff or other persons) which have either been sworn to under oath (notarized) or include at the end of the document, immediately before the Plaintiff's signature, the following in accordance with 28 U.S.C. § 1746: "I declare under penalty of perjury that the foregoing is true and correct. Executed this ___ day of _____, 20 ___."

---

[1] Defendants also filed a Brief in Support of their Motion for Summary Judgment (ECF No. 71), a Concise Statement of Material Facts (ECF No. 72), an Appendix (ECF No. 73), a Counter Statement of Facts to Plaintiff's Concise Statement (ECF No. 68) and a Brief in Opposition to Plaintiff's Motion for Summary Judgment (ECF No. 69).

1

**IT IS FURTHER ORDERED** that all affidavits, opposing or counter-affidavits must be based upon the personal knowledge of the person executing the affidavit; that no affidavit, amended complaint, pretrial narrative or other document containing Plaintiff's allegations will be considered when determining the motion for summary judgment unless it has been notarized before a notary public or unless it contains a declaration under penalty of perjury as set forth above; that Plaintiff may attach to his affidavits copies of any depositions, answers to interrogatories, institutional records or other documents he wishes this court to consider when addressing the summary judgment motion; and that the motion for summary judgment will be evaluated under the procedure standard set forth in Rule 56 of the Federal Rules of Civil Procedure; and that failure to respond may result in entry of judgment against him.

**IT IS FURTHER ORDERED** that Plaintiff shall comply with Local Rule 56.C by filing his brief in response, concise counter statement of facts and any appendix, as described below:

> **C. Opposition Requirements**. Within 30 days of service of the motion for summary judgment, the opposing party shall file:
>
>> 1. **A Responsive Concise Statement**: A separately filed concise statement, which responds to each numbered paragraph in the moving party's Concise Statement of Material Facts by:
>>
>>> (a) admitting or denying whether each fact contained in the moving party's Concise Statement of Material Facts is undisputed and/or material;
>>>
>>> (b) setting forth the basis for the denial if any fact contained in the moving party's Concise Statement of Material Facts is not admitted in its entirety (as to whether it is undisputed or material), with appropriate reference to the record (See LCvR

> 56.B.1[2] for instructions regarding format and annotation); and
>
> (c) setting forth in separately numbered paragraphs any other material facts that are allegedly at issue, and/or that the opposing party asserts are necessary for the court to determine the motion for summary judgment;
>
> 2. **Memorandum in Opposition**: The memorandum of law in opposition to the motion for summary judgment must address applicable law and explain why there are genuine issues of material fact to be tried and/or why the moving party is not entitled to judgment as a matter of law; and
>
> 3. **Appendix**: Documents referenced in the Responsive Concise Statement shall be included in an appendix. (See LCVR 56.B.3[3] for instructions regarding the appendix).

**IT IS FURTHER ORDERED** that, pursuant to Local Rule 56.E, alleged material facts set forth in the moving party's Concise Statement of Material Facts or in the opposing party's Responsive Concise Statement, **which are claimed to be undisputed, will for the purpose of deciding the motion for summary judgment be deemed admitted unless specifically denied or otherwise controverted by a separate concise statement of the opposing party**. *See* <u>Enigh v. Miller</u>, Civil No. 08-1726, 2010 WL 2926213 (W.D. Pa. July 23, 2010) (collecting cases).

---

[2] The pertinent portion of LCVR 56.B.1 reads: "A party must cite to a particular pleading, deposition, answer to interrogatory, admission on file or other part of the record supporting the party's statement, acceptance, or denial of the material fact."

[3] LCVR 56.B.3 reads as follows:

> Appendix. Documents referenced in the Concise Statement shall be included in an appendix. Such documents need not be filed in their entirety. Instead, the filing party may extract and highlight the relevant portions of each referenced document. Photocopies of extracted pages, with appropriate identification and highlighting, will be adequate.

**IT IS FURTHER ORDERED** that should Plaintiff fail to comply with this order, the Court will consider dismissal of this action for failure to prosecute.

Dated: November 9, 2020.

/s/ Lisa Pupo Lenihan
Lisa Pupo Lenihan
United States Magistrate Judge

Cc:  Richard Anthony Disco
 JH-1908
 SCI Fayette
 48 Overlook Drive
 LaBelle, PA  15450

 Counsel for Defendants
 (*Via CM/ECF electronic mail*)